WALTER H. O'LEARY & others *vs.* TOWN MANAGER OF ARLINGTON.

Middlesex.     September 15, 1976. — October 28, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Arlington. Municipal Corporations,* Town manager, Officers and employees, Police.

A town manager acting pursuant to St. 1952, c. 503, § 15 (*b*), was not barred by G. L. c. 41, § 97, from consolidating the town's police and fire departments into a department of community safety under the direction of a director of community safety [253]; nor did the town manager act improperly under the civil service laws in abolishing the position of chief of police where the position was vacant at the time it was abolished. [253].

CIVIL ACTION commenced in the Superior Court on December 27, 1974.

The case was heard by *Mitchell, J.,* on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Thomas F. August* for the plaintiffs.

*Joseph A. Purcell,* Town Counsel, for the defendant.

WILKINS, J. The plaintiffs, taxable inhabitants of the town of Arlington (town), challenge the consolidation of the town's police and fire departments into a department of community safety under the direction of a director of community safety. The defendant town manager consolidated the departments purporting to act pursuant to § 15 (*b*) of St. 1952, c. 503, "An Act establishing a town manager form of government for the town of Arlington."[1] The plaintiffs argue that the consolidation was unlawful because the requirements of G. L. c. 41, § 97, concerning the appointment and powers of a chief of police,[2] and the civil

---

[1] Section 15 (*b*) of St. 1952, c. 503, which was accepted by the town in 1952, reads in part as follows: "(*b*) The town manager, in accordance with the provisions of this act and except as otherwise expressly prohibited by the General Laws, may reorganize, consolidate or abolish departments, commissions, boards or offices under his direction and supervision, in whole or in part, may establish such new departments, commissions, boards and offices as he deems necessary and make appointments to such boards, subject to the approval of the board of selectmen. He may in connection with such transfer of such powers or duties transfer the duties and powers of one department, commission, board or office to another and may, with the approval and consent of the finance committee, transfer the appropriation of such one department, commission, board or office to another."

A 1956 amendment to § 15 (*b*) (St. 1956, c. 634, § 7), adding two sentences, has no bearing in this case.

[2] General Laws c. 41, § 97, which was accepted by the town in 1926, reads as follows: "In towns which accept this section or have accepted corresponding provisions of earlier laws there shall be a police department established under the direction of the selectmen, who shall appoint a chief of police and such other police officers as they deem necessary, and fix their compensation in an amount not in the aggregate exceeding the annual appropriation therefor. The selectmen may make

service laws of the Commonwealth were violated. A judge of the Superior Court dismissed the complaint which sought to enjoin the expenditure of funds for an allegedly unlawful purpose. See G. L. c. 40, § 53. We transferred the appeal here on our own motion and now affirm the judgment.

The town manager acted lawfully in ordering the consolidation of the police and fire departments under § 15 (*b*) of the town manager act. His power to consolidate was limited only by those General Laws which expressly prohibited such a procedure.[3] General Laws c. 41, § 97, contains no such express prohibition. Although a consolidation of the police and fire departments could have been achieved by a vote of the town under G. L. c. 41, § 101, concerning the appointment of a commissioner of public safety, that statute does not forbid the action taken by the town under its town manager act.

The plaintiffs argue that the town acted improperly under the civil service laws (G. L. c. 31) in abolishing the position of chief of police. Because there was a vacancy in the position of chief of police at the time the position was abolished, § 43 of G. L. c. 31, concerning notice to the incumbent of the office and a hearing on his request, was inapplicable. If G. L. c. 31, § 43, had been applicable, the plaintiffs would have no standing to object to the town's failure to follow the requirements of that section. A § 43 hearing was not required just because certain of the plaintiffs were possible choices for chief of police if the position had not been abolished.

*Judgment affirmed.*

suitable regulations governing the police department and the officers thereof, and in towns which are not subject to provisions of chapter thirty-one to the contrary may remove the chief and other officers at pleasure. The chief of police shall be in immediate control of all town property used by the department, and of the police officers, who shall obey his orders."

[3] Section 15 (*b*) requires that the board of selectmen approve the consolidation. Although the record does not show approval by the board of selectmen, in the absence of any argument by the plaintiffs, we assume it was granted.